# STATE OF MICHIGAN

# COURT OF APPEALS

CLARA CARTER,

UNPUBLISHED
March 26, 2015

Plaintiff-Appellant,

v

No. 318622
Wayne Circuit Court
LC No. 12-009051-CH

BAC HOME LOANS SERVICING LP and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a/k/a FANNIE MAE,

Defendants-Appellees.

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendants with regard to plaintiff's complaint to quiet title to real property following a foreclosure sale. We affirm.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Duncan v Michigan*, 300 Mich App 176, 185; 832 NW2d 761 (2013). The court granted defendants' motion pursuant to MCR 2.116(C)(7). Summary disposition may be granted under MCR 2.116(C)(7) if

> [e]ntry of judgment, dismissal of the action, or other relief is appropriate because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action.

"Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material." *Maiden v Rozwood*, 461 Mich 109, 118-119; 597 NW2d 817 (1999). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. at 119. If the parties submit admissible documentary evidence, it must be considered. *Id*.

Plaintiff takes issue with the sale of her property at a sheriff's foreclosure sale on March 2, 2011, after she had defaulted on her mortgage. On July 6, 2012, plaintiff filed a complaint seeking to quiet title to the property. The trial court decided plaintiff's case pursuant to MCL

600.3240, which governs the redemption of property after the premises are sold at a sheriff's sale during a foreclosure. Under MCL 600.3240(8), plaintiff had six months to redeem her residential property. Plaintiff clearly filed her complaint outside the six-month window for redemption.

In *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492; 739 NW2d 656 (2007), this Court examined a case involving a sheriff's sale of a parcel of land after a default on a mortgage. The defendants in *Sweet Air* attempted to argue that they did not get proper notice of the foreclosure proceedings. *Id*. at 501. However, this Court concluded that the defendants were not timely in their challenge because "they made no effort to redeem or take any action until well after the redemption period had run." *Id*. at 503. Therefore, this Court held, the "defendants cannot show prejudice, and their claim of inadequate notice is without merit." *Id*. Similarly, plaintiff contends that defendant BAC[1] breached the mortgage by purchasing homeowner's insurance for her property and requiring her to pay for the insurance and that, therefore, the foreclosure was invalid. However, she did not file her lawsuit until over one year after her property was sold at the sheriff's sale and took no other action to redeem her property during this period. Under the authority of *Sweet Air Investments*, plaintiff's arguments are without merit and the trial court appropriately granted summary disposition to defendants.

This Court will briefly discuss plaintiff's arguments further, although she has failed in her duty to provide legal analysis and proper citations to the record. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, . . . nor may he give issues cursory treatment . . . ." *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 530; 730 NW2d 481 (2007), modified on other grounds 480 Mich 910 (2007) (citation and quotation marks omitted).

As noted, plaintiff contends that BAC breached the mortgage contract by purchasing a homeowner's insurance policy for her. However, the mortgage in question specifically provided that the lender could purchase homeowner's insurance for the property if plaintiff failed to obtain insurance and it indicated that the lender could require plaintiff to provide proof of insurance. Because plaintiff did not timely provide BAC, after a proper request, with proof of her homeowner's insurance policy covering the period in question, it appears from the record that BAC complied with the terms of the mortgage.[2] See *Hastings Mut Ins Co v Safety King, Inc*,

---

[1] Throughout her entire appellate brief, plaintiff refers to defendant BAC, even though it appears that certain actions were undertaken by Bank of America as opposed to BAC. An affidavit filed on July 23, 2013, indicates that BAC "merged into Bank of America" effective July 1, 2011. For the sake of simplicity, and primarily because plaintiff herself does not do so, we do not in this opinion make any meaningful distinction between defendant BAC and "Bank of America." Indeed, the parties appear to treat the two entities interchangeably. As just one example, a May 30, 2010, letter regarding the issue of proof of insurance was written on Bank of America letterhead, but it requested that the proof be sent "to us" at the address for defendant BAC.

[2] Plaintiff contends that she had "repeated correspondence" with BAC to attempt to demonstrate proof of insurance. However, the trial court noted that the affidavit plaintiff had submitted

286 Mich App 287, 292; 778 NW2d 275 (2009) ("If the contractual language is unambiguous, courts must interpret and enforce the contract as written[.]")

Plaintiff also contends that BAC could not foreclose on the property because she was not in breach of the mortgage. However, defendants presented documentary evidence with their motion for summary disposition that BAC had informed plaintiff that she was behind on her mortgage payments, was in default on the mortgage note, and that the failure to timely cure the default could result in foreclosure. Plaintiff presented no evidence contradicting defendants' contention that she was in breach, and BAC properly foreclosed on the property and sold it.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro

---

stating that she had tried to convey the proof of insurance to BAC did not have a proper signature and was not notarized. Defendants attach to their appellate brief a notarized and signed affidavit, but this affidavit has a filing date of September 4, 2013, the day the trial court issued its opinion (after a motion hearing on August 23, 2013). It is not clear that the trial court was made aware of the existence of this affidavit before issuing its ruling. Moreover, even the "second" affidavit fails to allege with specificity that plaintiff attempted to provide BAC with proof of insurance for the *relevant period*. In their motion for summary disposition, defendants indicated that the property was uninsured between May 14, 2010, and August 31, 2010. The affidavit merely states that plaintiff "contacted the Defendant on numerous occasions by telephone and fax to inform the Defendant that the insurance was in place. . . . [T]he Defendant refused to acknowledge receipt of the insurance." At any rate, because of her dilatory actions, plaintiff's "insurance" argument is without merit based on the authority of *Sweet Air Investment*, 275 Mich App 503, as discussed *supra*.